UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

Fill in this information to identify your case:

Debtor 1: Latisha Renee Miller

Debtor 2 (Spouse, if filing):

Case number: 19-04583-5 (If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

# CHAPTER 13 PLAN

## Part 1: Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. ***Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, below, to state whether or not the plan includes provisions related to each item listed. If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment | ☒ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☒ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 The Debtor(s) shall make regular payments to the Trustee as follows:**
$ 1,145.00 per Month for 60 months

*(Insert additional line(s), if needed.)*

**2.2 Additional payments.** (*Check one.*)

Debtor    Latisha Renee Miller                              Case number    19-04583-5

☒ **None.** (*If "None" is checked, the rest of this section need not be completed.*)
☐ **The Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.** (*Insert additional rows, if needed.*)

2.3  The total amount of estimated payments to the Trustee is $ __68,700.00__ .

2.4  **Adjustments to the Payment Schedule/Base Plan** (*Check one*).

   ☐ None.

   ☒ **Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

2.5  **Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**
   The Applicable Commitment Period of the Debtor(s) is __36__ months, and the projected disposable income of the Debtor(s), as referenced in 11 U.S.C. § 1325(b)(1)(B), is $ __0.00__ per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimates to be paid to holders of non-priority unsecured claims. In this case, this amount is $ __0.00__

### Part 3:  Treatment of Secured Claims

3.1  **Lien Retention.**
   The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
   (a) payment of the underlying debt determined under nonbankruptcy law, or
   (b) discharge of the Debtor(s) under 11 U.S.C. § 1328.

3.2  **Maintenance of Payments and Cure of Default (if any)** (*Check one.*)
   ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
   ☒ The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any arrearage listed for a claim below will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if appliable) |
|---|---|---|---|---|
| USDA Rural Housing Service | 87 Dozier Drive Tarboro, NC 27886 Edgecombe County Tax value: $103,807.00 | $870.67 **To be disbursed by:** ☒ Trustee ☐ Debtor(s) Debtor intends to participate in EDNC LMM program. Trustee shall disburse adequate protection payment of $870.67 to USDA, equal to 80% of principal & interest payment ($839.86) + 1/12 of annual escrow ($198.78). | $60,022.55 | 0.00% |

*Insert additional claims as needed.*

☒ **Other.** (*Check all that apply, and explain.*) The Debtor(s):
   (a)  ☒  do intend to seek a mortgage modification with respect to the following loan(s) listed above:
          USDA Rural Housing Service

Debtor   Latisha Renee Miller   Case number   19-04583-5

**(b)** ☐ do not intend to seek mortgage modification with respect to the following loan(s) listed above;

**(c)** ☐ intend to: ____

**3.3 Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one)*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**The remainder of this paragraph will be effective <u>only</u> if there is a check in the box "Included" in Part 1, § 1.1, of this plan, above.**

**Requests for Valuation of Collateral and Modification of Undersecured Claims for Real Estate may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object to the motion and request a hearing. Note that a separate motion must be brought if the collateral is real estate, but not if the collateral is personal property.**

☒ The Debtor(s) request that the Court determine the value of the collateral securing each of the claims listed below. For each non-governmental secured claim listed below, the Debtor(s) propose to treat each claim as secured in the amount set out in the column headed *"Amount of Secured Claim."* For secured claims of governmental units, unless otherwise ordered by the Court, the value of the collateral listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary valuation amount listed below. For each listed claim, the amount of the secured claim will be amortized and paid with interest at the stated rate over the life of the plan. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's entire claim will be treated as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on its proof of claim controls over any contrary amount listed in this paragraph. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate |
|---|---|---|---|---|---|---|
| Local Government Fed. Credit Union | $500.00 | Shares: LGFCU (right of setoff) | $250.38 | $0.00 | $250.38 | 7.00% |

*Insert additional claims as needed.*

**3.4 Claims Excluded from 11 U.S.C. § 506(a).** *(check one)*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

The claims listed below:
(1) were incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s) ("910 Claims);
(2) were incurred within 1 year of the petition date and are secured by a purchase money security interest in any other thing of value ("1-Year Claims"), or
(3) are debts the Debtor(s) otherwise propose to pay in full ("Other Claims").

These claims will be paid in full by the Trustee, with interest at the rate stated below. Unless otherwise ordered by the Court, the amount of the creditor's claim listed on its proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary claim amount listed below. In the absence of a timely filed proof of claim, the claim amount stated below is controlling. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Collateral (if any) | Amount of Claim | Interest Rate | *Basis* (910 Claim/ 1-Year/ Other Claim) |
|---|---|---|---|---|
| Local Government Credit Union | 2011 Nissan Sentra 62,000 miles Sedan 4D 2.0 SR | $6,500.00 | 7.00% | 910 Claim |

*Insert additional claims as needed.*

**3.5 Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(check one)*

| Debtor | Latisha Renee Miller | Case number | 19-04583-5 |
|---|---|---|---|

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Surrender of Collateral.** *(Check one.)*
☒ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

**4.1 General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions,** the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2 Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be   8.00   % of amounts disbursed by the Trustee under the plan and are estimated to total $  5,496.00  .

**4.3 Debtor's Attorney's Fees.** *(Check one, below, as appropriate.)*
☒ Debtor(s)' attorney has agreed to accept as a base fee $  5,000.00  , of which $  445.00   was paid prior to filing. The Debtor(s)' attorney requests that the balance of $  4,555.00   be paid through the plan.

☐ The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $____, of which $____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $____ be paid through the plan.

**4.4 Domestic Support Obligations ("DSO's").** *(Check all that apply.)*

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**
☐ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*
☒ Section 507(a) priority claims, other than attorney's fees and domestic support obligations are estimated to be as follows:

| Creditor Name | Claim for: | Est. Claim Amt. |
|---|---|---|
| Internal Revenue Service | Taxes and certain other debts | 0.00 |
| North Carolina Dept. of Revenue | Taxes and certain other debts | 278.00 |

### Part 5: Unsecured Non-priority Claims

**5.1** General Treatment. After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a pro rata distribution with other holders of allowed, non- priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5).  Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2 Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*
☒ **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are to be treated as specified.  All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court.** *(Check one.)*
☒ **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

### Part 7: Miscellaneous Provisions

**7.1 Vesting of Property of the Bankruptcy Estate:**  *(Check one.)*

| Debtor | Latisha Renee Miller | Case number | 19-04583-5 |
|---|---|---|---|

Property of the estate will vest in the Debtor(s) upon:
- ☒ plan confirmation.
- ☐ discharge
- ☐ other: _____

**7.2 Possession and Use of Property of the Bankruptcy Estate:** Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor(s), property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor(s), and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor(s). The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. Â§ 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**7.3 Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

**7.4 Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions.**

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signatures

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

**If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.**

| X | /s/ Latisha Renee Miller | X | |
|---|---|---|---|
| | Latisha Renee Miller | | Signature of Debtor 2 |
| | Signature of Debtor 1 | | |
| | Executed on  October 4, 2019 | | Executed on _____ |

**By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

| X | /s/ Palmer E. Huffstetler, III | Date | October 4, 2019 |
|---|---|---|---|
| | Palmer E. Huffstetler, III 47818 | | MM/DD/YYYY |
| | Signature of Attorney for Debtor(s) | | |

**If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy